**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RANDA JAAFAR, M.D.,<br><br>                    Plaintiff,<br><br>          v.<br><br>NEW YORK SPINE & SPORT REHABILITATION MEDICINE, P.C.,<br><br>                    Defendant. | Case No.: 1:24-cv-06588-MKV |

~~[PROPOSED]~~ **CONSENT PROTECTIVE ORDER**

The parties have agreed to and have submitted to the Court, and for good cause shown the Court hereby enters, the following Consent Protective Order:

1. In the course of discovery, the parties expect to produce sensitive and/or confidential documents and information. The Parties therefore stipulate and jointly move for the entry of this Protective Order.

2. This Order applies to all manner of discovery and all information derived therefrom, including, but not limited to, all documents, data compilations, electronically stored information, computer disks, objects or things, deposition testimony, affidavits, interrogatory/request for admission responses, or any other media on which information is recorded, and any copies, excerpts or summaries thereof, obtained by any party pursuant to the requirements of any court order, request for production of documents, request for admissions, interrogatory, or subpoena (collectively, "Discovery Materials"). This Order does not affect any person's or entity's use of its own information or documents, nor does it affect the use of any information or documents at trial.

3. This Order shall govern the disclosure of materials designated as Confidential Material in this litigation. Confidential Material, as used in this Order, shall refer to any document or item designated as Confidential or Highly Confidential – Attorneys' Eyes Only, including but not limited to, documents or items produced during discovery, all copies thereof, and the information contained in such material. Nothing in this Order shall require any party to produce any specific documents or category of documents which a party deems inappropriate for production.

## Confidential Material

4. Counsel for any party may designate any document or information, in whole or in part, confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL"

5. Discovery Materials may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY." A Designating Party may designate as "CONFIDENTIAL" any discovery material it reasonably and in good faith believes to contain confidential business information, medical information, and/or sensitive financial information. A Designating Party may designate as "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" any discovery material it reasonably and in good faith believes to contain trade secret, highly confidential business information, and/or highly sensitive personal information, including but not limited to trade secret, medical information or financial information which could cause the Designating Party and/or third parties harm if revealed. Designating parties may also redact sensitive personal identifying information, including but not limited to social security numbers/TINs, dates of birth, addresses, telephone numbers, bank or financial account numbers.

6. The parties agree that such Confidential Material as described in paragraphs 4 and 5 should be given the protection of an order of this Court to prevent injury through disclosure to persons other than those persons involved in the prosecution or defense of this litigation.

7. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court.

8. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

**Procedure for Designating Information as Confidential**

9. To designate information as confidential, the producing party shall mark Confidential Material with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If the material produced cannot be readily marked with a legend (as in the case of media, such as video, photos, electronically stored information (ESI) and material produced in native format) the Parties shall provide written notice of the designation and include a cover sheet with the designation along with the materials produced or place the legend on the storage medium for those materials.

10. The Receiving Party may make copies of Confidential Material and such copies shall become subject to the same protections as the Confidential Material from which those copies were made.

11. Information disclosed at any deposition taken in this action may be designated as confidential by indicating on the record at the deposition that the information is confidential and subject to the provisions of this Order. Alternatively, the party may designate information disclosed at the deposition as confidential by notifying the court reporter and other parties in writing, within thirty (30) business days of receipt of the transcript, of the specific pages and lines of the transcript which are designated as confidential. The parties may agree to a reasonable extension of the 30-business-day period for designation. Designations of transcripts will apply to audio, video, or other recordings of the testimony. During such 30-business-day period, the entire transcript shall receive confidential treatment.

## Clawback of Privileged Information

12. The production of privileged or work-product protected documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

13. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence (FRE) 502(d) and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S. Code § 1738. In the event of any subsequent conflict of law, the law that is most protective of privilege and work product shall apply.

14. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

15. If the receiving party has reason to believe that a produced document or other information may reasonably be subject to a claim of privilege, then the receiving party shall immediately sequester the document or information, cease using the document or information and

cease using any work product containing the information, and shall inform the producing party of the beginning BATES number of the document or, if no BATES number is available, shall otherwise inform the producing party of the information.

16. A producing party must give written notice to any receiving party asserting a claim of privilege, work-product protection, or other ground for reclaiming documents or information (a "clawback request"). After a clawback request is received, the receiving party shall immediately sequester the document (if not already sequestered) and shall not review or use that document, or any work product containing information taken from that document, for any purpose. The parties shall meet and confer regarding any clawback request.

### Who May Receive Confidential and Highly Confidential Information

17. *Confidential Material.* Any Confidential Material and the information contained therein shall be disclosed only to the Court, its staff, in-house counsel and outside counsel of record for each party, and also shall be disclosed on a need-to-know basis only to the parties, counsel's staff personnel, employees of a party to whom disclosure is necessary in connection with the preparation for and trial of this action, and any witnesses in the case (including consulting and testifying experts) as may from time to time reasonably be necessary in prosecution or defense of this action.

18. *Highly Confidential—Attorneys' Eyes Only Material.* Material and information designated as "Highly Confidential—Attorneys' Eyes Only" shall only be disclosed to the Court, its staff, in-house and outside counsel of record for each party, the secretarial, clerical, and paralegal staff of each, and consulting and testifying experts retained by a party in this action.

19. *Restriction on Disclosure to Direct Competitors.* Notwithstanding the foregoing, Confidential Material shall not be disclosed to any current or former employees of, or current or former consultants, advisors, or agents of, a direct competitor of any party named in the litigation.

If a Receiving Party is in doubt about whether a particular entity is a direct competitor of a party named in this lawsuit, then before disclosing any Confidential Material to a current or former employee, consultant, advisor, or agent of that entity, the Receiving Party's counsel must confer with counsel for the Producing Party. Nothing in this paragraph is intended to, nor shall it limit, prevent, nor prohibit the disclosure to the Plaintiff of any Confidential Material, or any other information disclosed during this action. However, Plaintiff re-affirms and agrees that she will not share any Confidential Material with anyone else, unless otherwise permitted in this Order, including any employer, whether or not they are a direct competitor of any party named in the litigation.

20. *Persons Receiving Confidential Information Must Sign Exhibit A.* Counsel for each party shall advise all persons to whom Confidential Material is disclosed pursuant to this Order of the existence of this Order and shall provide all such persons (other than the Court and its staff) with a copy of this Order. Counsel shall also require such persons to execute the Affidavit attached as ***Exhibit A***, prior to the disclosure of Confidential Material. Out of an abundance of caution, Plaintiff shall also execute ***Exhibit A*** to ensure Confidential Materials are not disclosed to direct competitors or otherwise.

21. *Duties in the Event of Unauthorized Disclosures.* It shall be the obligation of counsel, upon learning of any unauthorized disclosure or threatened unauthorized disclosure of Confidential Information, or any other breach or threatened breach of the provisions of this Order, to promptly notify counsel for the Producing Party. The notification shall be supplemented with reasonable details of the circumstances of the disclosure in order to permit the producing party to understand and take appropriate steps. Each party and its counsel agree to take reasonable and good-faith efforts to contain or limit any breach promptly upon receiving notice of it, and to make

reasonable and good-faith attempts to retrieve any unauthorized disclosure of documents or information. This provision does not limit the producing party's entitlement to damages resulting from any breach of this Order.

### Authorized Uses of Confidential Material

22. Confidential Material shall only be used for the purpose of litigating the above-captioned lawsuit and may not be used in other lawsuits.

23. Persons having knowledge of Confidential Material and information due to their participation in the conduct of this litigation shall use such knowledge and information only as permitted herein, and shall not disclose such Confidential Material, their contents or any portion or summary thereof to any person(s) not involved in the conduct of this litigation.

24. If any person having access to the Confidential Material herein shall violate this Order, he/she may be subject to sanctions by the Court and may be liable to pay for the damages caused by his/her violation.

### Challenges to the Designation of Confidential Material

25. Any party may move the Court to modify the designation of any documents or information produced in this litigation (either to include additional protection with respect to confidentiality or to remove a confidential designation). Before making such a motion, the party shall first confer and attempt to resolve such dispute with the producing party's counsel. Pending resolution of any challenges to the designation of documents or information, the material at issue shall continue to be treated as Confidential Material until ordered otherwise by the Court. The burden shall be on the party seeking to modify the designation to show that the producing party's designation is inappropriate.

**Confidential Material in Filings, Hearings, and Trial**

26.     *Confidential Material in Filings.* Without written permission from the Producing Party or court order secured after appropriate notice to all interested persons, a party may not file Confidential Material in the public record in this action (or in any other action, such as an appeal). A party that seeks to file under seal any Confidential Material must comply with the applicable Court Rules in this District. Confidential Material may only be filed under seal in a manner prescribed by the Court for such filings.

**Continuing Effect of this Order and Duty to Destroy**

27.     This Order shall continue to be binding throughout and after the conclusion of this litigation, including all appeals. Within thirty (30) days of settlement or final adjudication, including the expiration or exhaustion of all rights to appeal or petitions for extraordinary writs, each party or non-party to whom any materials were produced <u>shall</u>, without further request or direction from the Producing Party, return to the Producing Party or certify as destroyed <u>all</u> documents, items or data received including, but not limited to, copies or summaries thereof, in the possession or control of any expert or employee, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected. This requirement to destroy includes all documents, not only those documents designated as Confidential Material. Notwithstanding this provision, outside counsel is entitled to retain an archival copy of filings, depositions, and deposition exhibits.

28.     In the event additional parties join or intervene in this litigation, the newly joined party(ies) shall not have access to Confidential Material until its/their counsel has executed and, at the request of any party, filed with the Court the agreement of such party(ies) and such counsel to be fully bound by this Order.

29. The parties agree that nothing in this Order shall be deemed to limit the extent to which counsel for the parties may advise or represent their respective clients, conduct discovery, prepare for trial, present proof at trial, including any document designated Confidential Material as set forth herein, or oppose the production or admissibility of any information or documents which have been requested.

30. This Order shall remain in full force and effect until such time as it is modified, amended, or rescinded by the Court.

**IT IS SO ORDERED**

Dated: April __23__, 2025

*Mary Kay Vyskocil*
**Mary Kay Vyskocil, U. S. D. J.**

Respectfully stipulated to and submitted by this 22nd day of April 2025,

 /s/ *Joshua M. Friedman*
Joshua M. Friedman
Phillips & Associates
45 Broadway, 28th floor
New York, New York 10006
(212) 248-7431 x 215
jfriedman@tpglaws.com

*Attorneys for Plaintiff*

 /s/*Christine A. Rodriguez*
Christine A. Rodriguez
Law Office of Christine A. Rodriguez
11 Broadway, Suite 615
New York, NY 10004
(212) 430-6525
christine@crodriguezlaw.com

*Attorneys for Defendant*

# EXHIBIT A TO PROTECTIVE ORDER

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RANDA JAAFAR, M.D., <br><br> Plaintiff, <br><br> v. <br><br> NEW YORK SPINE & SPORT REHABILITATION MEDICINE, P.C., <br><br> Defendant. | Case No.: 1:24-cv-06588-MKV |

# AFFIDAVIT OF COMPLIANCE WITH PROTECTIVE ORDER

1. My name is _____. I live in _____. I am working on behalf (or at the direction and engagement) of _____.

2. I am aware that a Confidentiality Order has been entered in the above-captioned lawsuit. A copy of this Confidentiality Order has been given to me, and I have read and understand the provisions of same.

3. I acknowledge that documents and information designated as confidential and/or highly confidential pursuant to such Confidentiality Order ("Confidential Materials") are being disclosed to me only upon the conditions that I agree (a) to be subject to the jurisdiction of this Court, and (b) to comply with that Order. I hereby agree to abide by such Order, subject to all penalties prescribed therein, including contempt of Court, for disobedience of said Order. I promise that the documents and information given confidential treatment under the Confidentiality Order entered in this case will be used by me only to assist counsel for the parties in preparing for litigation of

the above-captioned matter. I understand that any use of such Confidential Material in any manner contrary to the provisions of the Confidentiality Order may subject me to the sanctions of this Court for contempt and to liability for any damages caused by my breach of the Confidentiality Order.

   4.  I shall not disclose nor permit to be reviewed or copied said Confidential Materials, or any information derived from, by any person other than the parties and counsel for the parties or members of their staff.

   5.  Within 30 days after the above-captioned lawsuit ends in a final non-appealable order, I agree to destroy or return all Confidential Materials in my possession.

DATED: _____, 20___     _____
                         Signature

                         _____
                         Printed Name