```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  8/20/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RANDA JAAFAR, M.D.,<br><br>                                  Plaintiffs,<br><br>      -against-<br><br>NEW YORK SPINE & SPORT<br>REHABILITATION MEDICINE, P.C.,<br><br>                                  Defendants. | 24-cv-6588 (MKV)<br><br>**ORDER DENYING MOTION FOR**<br>**DISCOVERY CONFERENCE** |

MARY KAY VYSKOCIL, United States District Judge:

      The Court is in receipt of Defendant's letter motion for a pre-motion discovery conference. [ECF No. 39]. Plaintiff filed no response. This letter was filed one business day prior to the close of fact discovery on August 18, 2025, a deadline which had been previously extended. [ECF No. 35]. The Court's Individual Rules for Civil Cases sets out the following procedure for discovery disputes:

> Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute. If this meet-and-confer process does not resolve the dispute, the party may file on ECF a joint letter, no longer than four pages, explaining the nature of the dispute and setting forth the position of each party with respect to the disputed issue, and requesting an informal conference. Such a letter must include a representation that the meet-and-confer process occurred and was unsuccessful.

Individual Rules of Practice in Civil Cases § 3.D. The Civil Case Management Plan and Scheduling Order includes the same rules. [ECF No. 23 ("Case Management Plan")]. The Court's Individual Rules specifically warn the parties to bring these disputes before the Court in a timely manner:

> Counsel should seek relief in accordance with these procedures in a timely fashion. Specifically, parties should seek relief with respect to discovery in sufficient time to obtain a ruling and any further discovery that is ordered in advance of the discovery cutoff. If a party waits until near the close of discovery to raise an issue

1

that could have been raised earlier, the party is unlikely to be granted the relief that it seeks, let alone more time for discovery.

Individual Rules of Practice in Civil Cases § 3.D.

Defendant's discovery dispute letter does not comply with several rules set out in the Court's Individual Rules and the Case Management Plan. The letter is not drafted as a joint letter. It does not include a representation that the meet-and-confer process, in person or by telephone, regarding the dispute occurred and was unsuccessful. The dispute was not timely presented to the Court. Defendant asserts that it became apparent on July 21, 2025 that "Plaintiff still had not produced all the requested information." [ECF No. 39]. Defendant requested the remaining requested information the same day but seems to have waited until August 12, 2025, less than a week prior to the close of fact discovery, to renew its request. [ECF No. 39]. Three days later, Defendant filed the pending letter. [ECF No. 39]. As the Court warned, "[i]f a party waits until near the close of discovery to raise an issue that could have been raised earlier, the party is unlikely to be granted the relief that it seeks, let alone more time for discovery." Individual Rules of Practice in Civil Cases § 3.D. Defendants claim that this discovery dispute would have been included in the joint status letter originally due on August 13, 2025 if not for the extension that the Court granted based on an unrelated issue. [ECF No. 39]. The extension did not excuse the parties from complying with the rules set out in the Court's Individual Rules and Case Management Plan.

Accordingly, IT IS HEREBY ORDERED that Defendant's letter request for a discovery conference is DENIED.

**The parties are reminded that failure to comply with any order of the Court or failure to comply with the FRCP, the Local Rules for the SDNY or this Court's Individual Practice Rules, or the parties' discovery or other obligations may result in sanctions, including**

**monetary penalties on counsel and/or the parties, dismissal or preclusion of claims, defenses, arguments, or evidence.**

The clerk of Court is respectfully requested to terminate docket entry 39.

**SO ORDERED.**

**Dated: August 20, 2025**
      **New York, New York**

                                                      **MARY KAY VYSKOCIL**
                                                      **United States District Judge**